Robert E. LAVERTY and Elizabeth S. Laverty, Appellants,

v.

COMMISSIONER OF INTERNAL REVENUE, Appellee.

No. 74–2554.

United States Court of Appeals, Ninth Circuit.

Sept. 4, 1975.

William J. Currer, Jr., Los Angeles, Cal., for appellants.

Scott P. Crampton, Asst. Atty. Gen., and Gilbert E. Andrews, Acting Chief, App. Section, Tax Div., Dept. of Justice, Meade Whitaker, Chief Counsel, Internal Revenue Service, Richard Farber, Wynette J. Hewett, Tax Div., Dept. of Justice, Washington, D. C., for appellee.

OPINION

Before CHAMBERS and GOODWIN, Circuit Judges, and TAYLOR,* District Judge.

PER CURIAM:

This is an appeal from decisions of the Tax Court denying appellants the right to exclude a percentage of their income for the years 1965 and 1966 under and pursuant to Title 26 U.S.C. §§ 105 and 106 as a result of injuries sustained by appellant Robert Laverty in an airplane crash in 1957. The findings of fact and opinion of the tax court were filed on November 6, 1973 (reported at 61 T.C. 160) sustaining the deficiency determination of the Commissioner. It is our opinion that the Tax Court correctly held that taxpayer Robert Laverty could not

* Of the District of Idaho, sitting by designation.

exclude a portion of his salary from his gross income under said sections.

Appellant Robert Laverty, an executive in the employment of Thriftimart, Inc., as a result of injuries sustained in the airplane accident, had to engage in therapeutic exercises for a period of time each day during regular working hours, and was away from his desk approximately twenty five percent of each working day. As an executive, he had no formal work day and arranged a flexible schedule of physical activity so as to accommodate his office work.

During the years in question, his base salary was $37,700; his total compensation, including incentive pay, was $55,922.52 in 1965 and $54,873.28 in 1966. These amounts were shown on the books of Thriftimart as salary. The Tax Court found and the record shows that no portion of Laverty's salary for the years in question represented compensation for his injuries, nor were the amounts paid computed with reference to his injuries. The evidence reveals that despite his physical disabilities, he adequately fulfilled the duties of his position and eventually became president of the corporation.

Appellants contend that because of Robert Laverty's daily absence from his office, he was entitled to exclude a portion of his annual compensation as "disability pay" under § 105(c) or "sick pay" under § 105(d). The Tax Court rejected this contention. We agree with that court's reasoning. Robert Laverty's short time absences from work for therapeutic exercise did not constitute "absence from work" as required under § 105(d). The Tax Court found that the payments received by Laverty were not compensation for permanent disability as required by § 105(c). We do not believe that this finding was clearly erroneous. See *Chism's Estate v. C. I. R.,* 322 F.2d 956, 960 (9th Cir. 1963). Also, the Tax Court held that appellants were not entitled to exclude any portion of Robert Laverty's salary under § 106 for the reason that § 106 only applies to contributions by an employer to an accident and health plan for the benefit of employees. We agree.

Affirmed.