HOWARD A. WIRTZ AND THE ESTATE OF ROSELLA S. WIRTZ, DECEASED, HOWARD A. WIRTZ, EXECUTOR, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Wirtz v. Commissioner
Docket No. 8869-88
United States Tax Court
T.C. Memo 1989-139; 1989 Tax Ct. Memo LEXIS 139; 56 T.C.M. (CCH) 1596; 49 Fair Empl. Prac. Cas. (BNA) 729; T.C.M. (RIA) 89139; 10 Employee Benefits Cas. (BNA) 2418; March 30, 1989
Howard L. Richshafer, for the petitioners. Joseph P. Grant, for the respondent. COHEN
MEMORANDUM OPINION COHEN, Judge: Respondent determined a deficiency of $ 6,852 in petitioners' Federal income tax for 1984. The sole issue for decision is whether all, or any part, of the damages awarded to petitioner in *140 a suit under the Age Discrimination in Employment Act, 29 U.S.C. sec. 621-634 (1985), is includable in gross income. This case was submitted fully stipulated. The facts set forth in the stipulation are incorporated as our findings by this reference. Howard A. Wirtz (petitioner) resided in Cincinnati, Ohio, when he filed the petition in this case. The Estate of Rosella S. Wirtz is the estate of petitioner's deceased spouse. On February 24, 1982, petitioner filed suit in the United States District Court for the Southern District of Ohio, Western Division, at Cincinnati, Ohio, against his former employer, United Western Corporation (United Western), alleging age discrimination and seeking declaratory and injunctive relief and liquidated, compensatory, and punitive damages under the Age Discrimination in Employment Act. On December 21, 1983, a jury entered a general verdict for petitioner and awarded him $ 112,000 in compensatory damages. The jury found, however, that United Western did not willfully terminate petitioner's employment and did not award petitioner any liquidated damages. The parties agree that the jury award was calculated as follows: $ 107,803  Salary and bonuses (backpay) for the period 9/11/81-12/21/83
3,200  Cost of life insurance for the period 9/11/81-12/21/83
4,200  Cost of health insurance for the period 9/11/81-12/21/83
$ 115,203 (3,500) Wages earned elsewhere by petitioner during the period 9/11/81-12/21/83
$ 112,000  Net jury damages (rounded)
*141 The jury award was based on the salary, bonuses, and employer-provided fringe benefits that petitioner would have received from the date of his termination from employment, September 11, 1981, through the date of the jury verdict, December 21, 1983. In early 1984, the United States District Court ruled on petitioner's motion for equitable relief. The court denied petitioner's motion for reinstatement to his former position with United Western, but awarded petitioner prospective salary, "front pay," as follows: $ 103,136.32  Salary, 12/21/83-7/11/86
(36,097.71) Less 35% reduction
8,912.99  Benefits, 12/21/83-7/11/86
(19,561.64) Present salary, 12/21/83-7/11/86
$  56,389.96  Net court award
The court award was based on the salary, bonuses, and employer-provided fringe benefits that petitioner would have received from the date of the jury verdict, December 21, 1983, through the date of petitioner's 70th birthday, July 7, 1986. In awarding petitioner front pay, the court noted: The ceiling under the ADEA is age 70, and plaintiff will reach that age on July 7, 1986. At the present time, plaintiff is employed part-time, grossing approximately $ *142 600 monthly. We conclude that plaintiff will be unable, prior to his 70th birthday, to obtain employment at a salary approaching his [United Western] salary of $ 40,500 annually, together with fringe benefits totalling approximately $ 3,600 annually. * * * During 1984 petitioner received $ 168,389.96 from United Western in payment of the judgment and jury award. Petitioner received a Form W-2, Wage and Tax Statement, from United Western reporting total wages of $ 168,389.96 paid during 1984. On his 1984 tax return, petitioner reported $ 152,080.96 in income from United Western, which is the amount of the total award of $ 168,389.96 less the payment in lieu of fringe benefits of $ 16,309.00. On a schedule attached to his 1984 tax return, petitioner disclosed the amount of the total award and the amount deducted that related to fringe benefits. Respondent determined that the entire $ 168,389.96 was taxable income and that petitioner's 1984 reported taxable income should be increased by $ 16,309. Petitioner, in a timely filed petition, alleged that $ 16,309 of the award was excludable from income in 1984 because it was paid in lieu of fringe benefits. Subsequently, in an amended *143 petition, petitioner alleged that the entire $ 168,389.96 was excludable from income pursuant to section 104(a)(2). [1]
Respondent contends that the entire $ 168,389.96 damage award received in 1984 is includable in gross income because the payment was in lieu of wages. Petitioner maintains that the entire payment constitutes damages received on account of a tort-like personal injury and is thus excludable from income under section 104(a)(2). Section 61 includes in gross income "all income from whatever source derived" unless otherwise provided. Section 104(a)(2), however, excludes from gross income "the amount of any damages received (whether by suit or agreement and whether as lump sums or as periodic payments) on account of personal injuries or sickness." Section 1.104-1(c), Income Tax Regs. *144 , provides that "The term 'damages received (whether by suit or agreement)' means an amount received (other than workmen's compensation) through prosecution of a legal suit or action based upon tort or tort-type rights, or through a settlement agreement entered into in lieu of such prosecution." To determine whether the damages received were paid on account of personal injuries excludable under section 104(a)(2), we must look to the nature of the claim and not to the consequences that result from the injury. Threlkeld v. Commissioner,87 T.C. 1294, 1299 (1986), affd. 848 F.2d 81 (6th Cir. 1988). Exclusion under section 104(a)(2) will be appropriate if the damages are intended to compensate for an invasion of individual rights, while damages received in lieu of wages, salary, or lost profits are includable in income. The Age Discrimination in Employment Act of 1967 (ADEA), 81 Stat. 602, as amended, 29 U.S.C. section 621 et seq., prohibits arbitrary discrimination in the workplace based on age. Section 7(b) of the ADEA, 81 Stat. 604, 29 U.S.C. section 626(b) provides that the rights created by the ADEA *145 are to be "enforced in accordance with the powers, remedies, and procedures" of the Fair Labor Standards Act (FLSA). See 29 U.S.C. section 626(b), incorporating 29 U.S.C. section 211(b), 216(b), 216(c), 217, 626(b), and 626(c). The FLSA permits aggrieved employees to recover "unpaid minimum wages" or "unpaid overtime compensation," as well as an equal amount of mandatory "liquidated damages" for employer violations of minimum wage and maximum hour laws. 29 U.S.C. sec. 216(b). Although section 16(b) of the FLSA makes the award of liquidated damages mandatory, section 7(b) of the ADEA provides that a prevailing plaintiff is entitled to double damages "only in cases of willful violations." 29 U.S.C. sec. 626(b). In addition, section 7(b) empowers the courts "to grant such legal or equitable relief as may be appropriate to effectuate the purposes of this chapter, including without limitation judgments compelling employment, reinstatement or promotion, or enforcing the liability for amounts deemed to be unpaid minimum wages or unpaid overtime compensation under this section." 29 U.S.C. sec. 626 *146 (b). Respondent argues that an action based on discriminatory pay practices or discriminatory termination is a claim that the plaintiff has been deprived of property, wages and benefits, not an action for personal injury. Respondent contends that, while personal injuries may flow from the discriminatory pay or termination practices, a finding of such personal injuries is not automatic. Petitioner argues that the nonpersonal consequences that resulted from his personal injury, lost wages and benefits, are merely evidentiary factors that were used to measure the extent of the personal injury suffered. Further, petitioner argues that the personal nature of an injury should not be defined by its effect, and that because age discrimination is a personal, tort injury, all damages received constitute damages received "on account of personal injuries" as that term is used in section 104(a)(2). This Court recently considered, for the first time, the characterization of a claim for damages under the ADEA in Rickel v. Commissioner, 92 T.C.   (filed March 23, 1989). In Rickel, the taxpayer settled an age discrimination suit against his former employer after the trial jury answered *147 special interrogatories that indicated that the employer's discriminatory conduct had been willful. We held that the taxpayer's claim against his employer and the payments received in settlement of that claim included both elements of wage-related damages and liquidated damages for personal injury, violation of his right to be free from discrimination on account of age. We concluded that 50 percent of the damages received by the taxpayer were wage-related damages not excludable from taxable income. We also concluded, however, that 50 percent of the damages received by the taxpayer were liquidated damages for a tort-like personal injury, and thus were excludable from gross income under section 104(a)(2). In the instant case, unlike the situation in Rickel, the jury specifically found that petitioner's employer had not willfully violated the ADEA and awarded petitioner only compensatory damages for lost wages and benefits. This portion of the total award is includable in petitioner's taxable income. Similarly, the trial judge awarded petitioner prospective damages labeled "front pay" for lost wages and benefits from the date of the jury award through the date of petitioner's *148 70th birthday. This portion of the award is also includable in petitioner's taxable income. In his original petition, petitioner also argued that the $ 16,309 awarded for lost employer-provided fringe benefits should be excluded from gross income because the value of the fringe benefits would not have been includable in income had the benefits themselves actually been provided by petitioner's employer. This ground for exclusion was not included in petitioner's amended petition nor argued in petitioner's brief; therefore, petitioner is deemed to have abandoned this argument. We note, however, that section 106 permits the exclusion of payments made directly by an employer to an accident or health plan or to an independent fund or trust. Section 106 does not permit exclusion of payments made by an employer directly to the employee. Sec. 1.106-1, Income Tax Regs; Laverty v. Commissioner,61 T.C. 160, 165 (1973), affd. 523 F.2d 479 (9th Cir. 1975). Decision will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code as amended and in effect for the year in issue, except as otherwise noted.↩