T.C. Summary Opinion 2003-81


UNITED STATES TAX COURT


WESLEY T. AND RUTH T. ENLOE, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 14031-01S.          Filed June 19, 2003.


<u>William J. Bergner</u>, for petitioners.

<u>Harriet E. Downs</u>, for respondent.


DEAN, <u>Special Trial Judge</u>:  This case was heard under the provisions of section 7463 of the Internal Revenue Code as in effect at the time the petition was filed.  Unless otherwise indicated, all subsequent section references are to the Internal Revenue Code in effect for the year at issue.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.

Respondent determined a deficiency in petitioners' Federal income tax of $4,223 for 1999. The issue for decision is whether petitioners may exclude from income pension payments received by Wesley T. Enloe (petitioner). Whether petitioners must also include in income Social Security benefits received by petitioner is a computational matter that will be resolved by the decision of the Court on the exclusion of pension income issue.

The stipulated facts and exhibits received into evidence are incorporated herein by reference. At the time the petition in this case was filed, petitioners resided in Oklahoma City, Oklahoma.

Background

Petitioner was for many years employed by Chicago Bridge & Iron (Iron) as either a boilermaker or a welder. In April of 1992 petitioner sustained injuries to his right eye, forehead, nose, and spine when he was struck on the head by a dropped sheet of plywood. He was found permanently partially disabled by the California Worker's Compensation Appeals Board (Board). The Board determined petitioner to be 17-1/2 percent permanently disabled due to the neck injury.

On April 1, 1996, petitioner filed an application for disability insurance benefits with the Social Security Administration (SSA) alleging that he had been unable to work since 1995 due to his neck injury and also due to obstructive

airway disease. On May 29, 1997, the SSA administrative law judge determined that petitioner was entitled to Social Security disability insurance benefits. He was then 58 years old.

Under a collective bargaining agreement between Iron and the Boilermaker-Blacksmith International Union, petitioner was a beneficiary of the Boilermaker-Blacksmith National Pension Trust (Pension Trust). The Pension Trust adopted a plan denominated the "pension plan" that was funded by amounts paid to the trust for the employees by their employer. Under the pension plan, beneficiaries could qualify for four types of pensions, an "age pension", an early retirement pension, a disability pension, and a "vested pension".

Under the plan, to qualify for an "age pension" the employee must be 65 or older and have at least 1,000 hours of work in "Covered Employment" without a permanent break in covered employment. The age pension could be made up of three components, the "basic pension", the "regular past service pension", and the "special past service pension". The monthly amount of the "basic pension" is computed as 46.75 percent of the total contributions made to the plan on behalf of the employee divided by 12. If the employee has at least 15 years of "Pension Credit", he can receive an additional "regular past service pension", a monthly amount based on the number of years of

service. If the employee has less than 15 years of pension credit, he may qualify for a "special past service pension".

To qualify for a disability pension under the plan, the employee must: (a) Have at least 1,000 hours of work in "Covered Employment" without a permanent break in covered employment; and (b) be totally disabled and awarded a Social Security or Railroad Retirement Disability Benefit before age 65. If the employee qualifies for the disability pension, the amount of the disability pension "is calculated in the same way as the Age Pension." (Emphasis added.) Under the plan, "When a Disability Pensioner reaches age 65, pension benefits will automatically become an Age Pension". Petitioner was determined to be totally disabled under the pension plan and to be qualified for a disability pension.

During 1999, petitioner received pension payments of $20,115. The Pension reported the pension payments as income on Form 1099-R, Distributions From Pensions, Annuities, Retirement or Profit-Sharing Plans, IRAs, Insurance Contracts, etc. Federal income tax of $127.04 was withheld from the pension distributions.

Petitioners reported "Total pensions and annuities" of $20,116 on line 16a of their Federal income tax return but line 16b of the return, "Taxable amount", was left blank. Petitioners

reported Social Security benefits of $15,498 on line 20a of the return but line 20b, "Taxable amount", was left blank.

The Commissioner issued a notice of deficiency determining that petitioners received in 1999 taxable pension and annuity income of $20,115 and taxable Social Security income of $9,748.

### Discussion

Petitioners do not deny that they received the pension and Social Security payments. Petitioners argue, however, that the pension distributions are amounts received through accident or health insurance that are excludable from income under section 105(c). Petitioners argue further that if the pension distributions are excluded, the Social Security payments are not taxable under section 86 because their joint income is less than $32,000. Because the Court decides this case without regard to the burden of proof, section 7491 is inapplicable.

Gross income includes all income from whatever source derived, unless specifically excluded from income under the exclusion provisions of the Internal Revenue Code. Secs. 61, 101-139. Section 61 specifically lists "pensions" as a source of gross income. Sec. 61(a)(11); sec. 1.61-11, Income Tax Regs. Generally, any amount distributed to a distributee by an employees trust is taxable to the distributee in the taxable year of the distribution under section 72. Sec. 402(a) and (b).

Amounts received by an employee under accident or health insurance funded by the employer are generally also includable in a taxpayer's income. Sec. 105(a). Section 105(c), however, permits the exclusion from gross income of payments from accident or health insurance if the following two requirements are met: (1) The payments are for the permanent loss or loss of use of a member or function of the body, or permanent disfigurement, of the taxpayer, his spouse, or a dependent; and (2) the payments are computed with reference to the nature of the injury without regard to the period the employee is absent from work. Amounts received through an accident or health plan are generally equated with amounts received through accident or health insurance. Sec. 105(e).

For petitioners to properly exclude their pension distributions from income, they must first show that the amounts petitioner received were received through accident or health insurance or through an employee's accident or health plan for personal injury or sickness. See sec. 105(a), (e)(1); sec. 1.105-5(a), Income Tax Regs. They must also prove that the amounts constituted payment for the permanent loss or loss of use of a member or function of petitioner's body under section 105(c)(1). And, finally, they must demonstrate that the amount of the payments was "computed with reference to the nature of the

injury without regard to the period * * * [he was] absent from work."  Sec. 105(c)(2).

Since the plan in this case is plainly labeled a "pension plan", petitioners must argue that it serves a dual capacity as an accident or health plan as well.  The regulations permit a dual function.  See sec. 1.401-1(b)(1)(ii), Income Tax Regs.

Generally, pension plans and accident or health plans serve different purposes.  Pension plans are designed to provide an employee with predetermined fixed payments over a period of years, usually for life.  Sec. 1.401-1(b)(1), Income Tax Regs. The amounts of pension payments are usually measured by such factors as the length of the employee's service with the employer and the compensation received by the employee.  Id.  On the other hand, accident or health plans are designed to provide payments to employees in the event of illness or injury and are not based on the employee's compensation and length of service.

In order to show that petitioner's pension plan was a dual purpose plan, and falls within section 105(a), petitioners must show that the plan was intended to provide accident or health benefits.  Berman v. Commissioner, 925 F.2d 936, 939 (6th Cir. 1991), affg. T.C. Memo. 1989-654; Estate of Hall v. Commissioner, T.C. Memo. 1996-93, affd. without published opinion 103 F.3d 112 (3d Cir. 1996).

Ordinarily, a plan intended to provide accident or health coverage will contain certain indicia reflecting that purpose. A plan might state that its purpose is to qualify as an accident or health plan within the meaning of the Internal Revenue Code and that the benefits payable under the plan are eligible for income tax exclusion. Under an accident or health plan, it might be specified that the benefits payable are those amounts incurred for medical care in the event of personal injury or sickness. The plan might also specify that the benefits payable are limited to amounts incurred for medical care in the event of personal injury or sickness and provide for the specific reimbursement of such expenses. A plan might also allow an employee to be compensated for specific injuries or illnesses, such as the loss of use of an arm or leg. Although these and similar provisions are not prerequisites to the existence of an accident or health plan, their absence plainly militates against a finding that a pension plan serves a dual purpose. See Berman v. Commissioner, supra; Caplin v. United States, 718 F.2d 544, 549 (2d Cir. 1983); Estate of Hall v. Commissioner, supra. None of the expected provisions are found in petitioner's pension plan. Petitioners also failed to produce any evidence of any accident or health claim's ever having been made or paid under the pension plan. This is strong evidence against the existence of a dual purpose. Berman v. Commissioner, supra.

In addition, the terms of the pension plan demonstrate that petitioner's benefits were computed solely on the basis of his length of service and salary and not on the basis of his disability. Therefore, the conditions of section 105(c)(2) are not met. See Hines v. Commissioner, 72 T.C. 715, 720 (1979) (denying section 105(c) treatment to incapacitated pilot where the amount of the distribution was not based on the nature of his injury); see also Gordon v. Commissioner, 88 T.C. 630, 640-641 (1987); Laverty v. Commissioner, 61 T.C. 160, 167 (1973), affd. per curiam 523 F.2d 479 (9th Cir. 1975).

The Court finds that petitioner received pension payments and did not receive payments from an accident or health plan or through an accident or health insurance agreement. The Court further finds that even if the pension plan did operate as an accident or health plan, or accident or health insurance, the payments to petitioner were not computed with reference to the nature of his injury.

Respondent's determination that petitioners must include in income the pension payments and Social Security disability payments made to petitioner is sustained.

Reviewed and adopted as the report of the Small Tax Case Division.

Decision will be entered for respondent.