CASTNER GARAGE, LIMITED, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

UNIVERSAL MOTOR COMPANY, LIMITED, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

ISLAND SECURITIES, LIMITED, A DISSOLVED CORPORATION, J. W. A. BAIRD, TRUSTEE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 98502, 98503, 99082, 99752.  Promulgated December 4, 1940.

*Urban E. Wild, Esq., Milton Cades, C. P. A.,* and *E. J. Greaney, C. P. A.,* for the petitioners.

*B. H. Neblett, Esq.,* for the respondent.

OPINION.

MURDOCK: The Commissioner determined deficiencies as follows:

| Petitioner | Docket No. | Year | Income tax | Excess profits tax |
|---|---|---|---|---|
| Castner Garage, Ltd. | 98502 | 1935 | $615.16 | |
| Universal Motor Co., Ltd. | 98503 | 1935 | 1,435.04 | $521.83 |
| Universal Motor Co., Ltd. | 99752 | 1936 | 1,153.51 | 405.06 |
| Island Securities, Ltd. | 99082 | 1935 | 1,001.52 | |

The issue for decision by the Board is whether and to what extent the petitioners are taxable upon amounts received by them in 1935 and 1936 from the Prudential Insurance Co. of America as disability payments under policies of combined life, health, and accident insurance upon their president, Charles C. Pittam. The Board adopts as its findings of fact the stipulations of the parties, together with exhibits attached thereto.

1

The Castner Garage, Ltd., and Universal Motor Co., Ltd., hereinafter referred to as Castner and Universal, are corporations organized under the laws of the Territory of Hawaii. Island Securities, Ltd., hereinafter referred to as Island, formerly a Hawaiian corporation, was dissolved on August 26, 1936, and its remaining assets are now held by a trustee for the benefit of its creditors and stockholders. Charles C. Pittam owned a majority of the outstanding capital stock of Island, which in turn owned a majority of the stock of both Castner and Universal. Most of the remaining stock of the three companies was owned by Pittam's brother-in-law and by officers or employees.

Four policies of combined life, health, and accident insurance in the Prudential Insurance Co. of America were taken out upon Charles C. Pittam prior to 1930. The premiums on the policies covered both the life and the health and accident features of the policies. Castner procured one of the policies and was named beneficiary therein. Universal procured one of the policies and was named beneficiary therein. Pittam procured the other two policies and the Hawaiian Trust Co., Ltd., trustee, was named beneficiary therein. The Hawaiian Trust Co., under its trusteeship, was to use the proceeds of the two policies, in the event of the death of the insured, to purchase the capital stock of Island at face value from the estate of the insured. Several changes of beneficiaries and of rights in one or more of the policies were made prior to 1935. Suffice to say that each of the petitioners, prior to the taxable years, acquired for valuable considerations certain beneficial rights in one or more of the policies and was thereby entitled to receive and did receive during the taxable years certain payments on account of the fact that Pittam became disabled from ill health. He had been regularly engaged in the business of these petitioners at salaries prior to his disability. The rights and interests in the four policies held by the petitioners during the taxable years were acquired by the petitioners for the purpose of strengthening their credit and for their use as collateral for bank loans. That purpose had been accomplished and all of the policies were assigned to the insured on May 23, 1936.

The petitioners, while the policies were assigned to them, paid all of the premiums due. Also, the petitioners made certain payments when the policies were assigned to them or when certain changes in the policies were made. No deductions on account of the payments made by them in respect to the policies were ever claimed by or allowed to the petitioners.

The petitioners in their income tax returns for 1935 reported as income the excess of the amounts which they received during that year from the insurer, over the amounts which they had paid as premiums or otherwise in respect to the policies. Universal alone received a payment in 1936, but it did not report as income any part of the

amount which it received from the insurer in that year. The Commissioner, in determining the deficiencies, has included in the taxable income of the petitioners the full amounts received by them.

The petitioners contend that the amounts received by them during the taxable years by reason of the disability of the insured are exempt from taxation under the express provisions of sections 22 (b) (5) of the Revenue Acts of 1934 and 1936, which exempt from taxation:

> (5) COMPENSATION FOR INJURIES OR SICKNESS. Amounts received, through accident or health insurance or under workmen's compensation acts, as compensation for personal injuries or sickness, plus the amount of any damages received whether by suit or agreement on account of such injuries or sickness.

The respondent recognizes that the health features of the insurance are separable from the life insurance features and the amounts in question were received by the petitioners through health insurance on account of the sickness of Pittam. The respondent's only reply to the contention of the petitioners is that section 22 (b) (5) does not apply in the case of a corporation. He argues at considerable length that the exemption applies only to individuals, and goes even further, as his logic forces him, to say "Congress intended the exemption to be personal to the insured."

Section 22, entitled "GROSS INCOME", applies generally to both individual taxpayers and corporate taxpayers. Unlike the next section (see section 23 (e) and (f)), none of its provisions are expressly limited in their application to one or the other class of taxpayers. However, some of the provisions of section 22 (b) obviously refer only to individuals. See, for example, paragraph 6, relating to ministers, that part of paragraph 3 relating to inheritance, and the sentence in paragraph 7 relating to earned income. Other provisions of (b) are just as obviously applicable to both individuals and corporations. See, for example, paragraph 1, dealing with proceeds of life insurance, paragraph 2, on annuities, paragraph 4, on tax-free interest. Thus, it is necessary to examine the particular provision here in question to see whether, by natural implication, it might be limited in its application to the insured or, at least, to individual taxpayers.

All revenue acts beginning with that of 1928 have contained, in section 22 (b) (5), a provision identical with the one above quoted. Prior to that time and beginning with the Revenue Act of 1918, the same provision appeared as section 213 (b) (6). The change from section 213, which applied only to individuals, to section 22, which applies generally to both individuals and corporations, was of no consequence or significance in so far as the present issue is concerned, since those revenue acts which included the provision under section 213 (b) (6) also contained a section 233 (a) providing that the gross income of corporations means the gross income as defined in section 213, with certain exceptions not here material. Cf. *United States* v.

*Supplee-Biddle Hardware Co.*, 265 U. S. 189. The change elicited in legislative reports no comment relevant here. Thus, the possibility of the present question has been present under all prior acts, beginning with the Revenue Act of 1918. Yet, apparently, it has never arisen until now.

Section 22 (b) (5) deals with amounts received as compensation for personal injury or sickness. It contains no express statement that it relates to such amounts when received by any particular limited class of taxpayers. The Commissioner contends that the provision is limited in its application to amounts received by the insured, but that argument is contrary to his own regulations and, apparently, his practice. The regulations have held consistently that the exemption was not limited to amounts received by the insured. Cf. *Brewster* v. *Gage*, 280 U. S. 327. Although Regulations 86 and 94, pertaining to the Revenue Acts of 1934 and 1936, contain no reference to section 22 (b) (5), nevertheless, all prior regulations, beginning with Regulations 45, applying to the Revenue Act of 1918, contain a provision substantially like that of article 72 of Regulations 45, as follows:

> Whether he be alive or dead, the amounts received by an insured or his estate or other beneficiaries through accident or health insurance or under workmen's compensation acts as compensation for personal injuries or sickness are excluded from the gross income of the insured, his estate and other beneficiaries.

Amounts received by one member of a family as compensation for personal injuries or sickness of another member of the family would thus be exempt. We conclude that the exemption is not limited to the person who suffers the personal injuries or sickness.

Since section 22 (b) (5) would apply in the case of a father who received compensation because of the illness of his insured son, even though the son happened to be his employee, what is there to indicate that the provision would not apply to amounts received by any taxpayer who had an insurable interest in the health of an insured? It is futile to argue that a corporation can not suffer personal injury or sickness and can be compensated only for the loss of services of its employees. The same argument could be made in the case of an individual employer. In fact none but the insured actually suffers the injury or sickness. Yet we have concluded that the exemption is not limited to the insured. The only reference to the provision in the legislative reports is the following made by the Ways and Means Committee in connection with the Revenue Act of 1918:

> Under the present law it is doubtful whether amounts received through accident or health insurance, or under workmen's compensation acts, as compensation for personal injury or sickness, and damages received on account of such injuries or

sickness, are required to be included in gross income. The proposed bill provides that such amounts shall not be included in gross income.

See House Report 767, 65th Cong., 2d sess., pp. 29, 30. It is interesting to note the conclusion which the Supreme Court reached in the case of *United States* v. *Supplee-Biddle Hardware Co.*, *supra*. The Court was there interpreting section 213 (b) (1) of the Revenue Act of 1918, which, like (b) (6) *supra*, exempted certain items from taxation. The exemption was in this language: "The proceeds of life insurance policies paid upon the death of the insured to individual beneficiaries or to the estate of the insured." The Court said:

We think the Treasury Department erred in assuming that Congress intended by sections 233 and 213 to distinguish between individual beneficiaries and corporate beneficiaries in including the proceeds of life insurance policies as within gross income. We think the two sections have no such purpose. * * *

When Congress came to deal with the gross income of corporations, it made use of section 213 by reference and grafted it on to 233. It is reasonable that the purpose of section 213 to exclude entirely the proceeds of life insurance policies from taxation in the case of individuals should be given the same effect in adapting its application to corporations, and that such proceeds should be so excluded whether by the direction of the insured they were to go to specially named beneficiaries or were to inure to the estate of the insured.

The language of section 22 (b) (5) is certainly no less favorable to the contention of the respondent than was the language of section 213 (b) (1). There is no sound reason for differentiating here between corporations and individuals other than the insured. We conclude that section 22 (b) (5) is general in its application and is not limited so as to exclude corporations, such as these, which have insurable interests.

Reviewed by the Board.

*Decisions will be entered under Rule 50.*