**BOYETT COFFEE COMPANY, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Civ. A. No. A–90–CA–672.**

United States District Court,
W.D. Texas,
Austin Division.

July 2, 1991.

Robert V. McCreary and William J. Rohrbach, Jr., Sullins, Johnson, Rohrbach & Magers, Houston, Tex., for plaintiff.

Cynthia E. Messersmith, Dept. of Justice, Tax Div., Dallas, Tex., for defendant.

## ORDER

WALTER S. SMITH, Jr., District Judge.

Plaintiff brings this action to recover an overpayment of $2,094 in income taxes for the tax year 1987. The parties have filed cross motions for summary judgment.

### I. BACKGROUND

The relevant facts are not in dispute.

Boyett Coffee Company ("Boyett") entered into a contract with Richheimer Coffee Company ("Richheimer") to supply a special blend of coffee. Subsequently, Boyett initiated a lawsuit against Richheimer asserting that Richheimer had breached their contract by supplying adulterated coffee. The lawsuit asserted causes of action for breach of contract, common law fraud, conspiracy to defraud, and violations of the Texas Deceptive Trade Practices and Consumer Protection Act ("DTPA") based upon breach of warranty and misrepresentation. Boyett sought millions in damages, including damages for its loss of business reputation.

Pursuant to a settlement agreement, Richheimer agreed to pay Boyett $145,000.00 in exchange for a take nothing judgment. The settlement agreement between the parties further provided that the facts and terms of the agreement were to remain confidential and sealed, and that neither party could divulge any information as to the terms of the settlement other than the specific amount awarded. After attorney's fees and costs, Boyett's net recovery was $87,010.00.

Boyett initially included the settlement amount as part of its gross income for 1987. On January 19, 1989, however, Boyett filed an amended corporate tax return (Form 1120x) in which it claimed that 90% of the net settlement proceeds ($78,309.00) were attributable to damage to business reputation and should be excluded from its countable income pursuant to Section 104(a)(2) of the Internal Revenue Code. The Internal Revenue Service disallowed the claim. Boyett now seeks a determination that the settlement proceeds were excludable from its gross income, which would result in a refund in the amount of $2,094.

## II. SUMMARY JUDGMENT

Summary judgment is appropriate only if "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c). The party seeking summary judgment bears an "exacting burden of demonstrating that there is no actual dispute as to any material fact in the case." *Impossible Electronic Techniques, Inc. v. Wackenhut Protective Systems, Inc.*, 669 F.2d 1026, 1031 (5th Cir.1982).

■ In determining whether the movant has met its burden, the Court must view the evidence introduced and all factual inferences from that evidence in the light most favorable to the party opposing summary judgment. *Id.* All reasonable doubts as to the existence of a genuine issue of material fact must be resolved

against the movant. *Id.; Jones v. Western Geophysical Co. of America*, 669 F.2d 280, 283 (5th Cir.1982). When determining whether to grant summary judgment, the Court is merely determining whether a factual dispute exists and is not required to resolve those disputes. *See Jones*, 669 F.2d at 283. The fact that it appears to the Court that the non-moving party is unlikely to prevail at trial or that the movant's statement of facts appears more plausible is not a reason to grant summary judgment. *Id.*

■ Once the movant has shown the absence of material factual issues, the opposing party has a duty to respond with any factual assertion that would preclude summary judgment. *Cleckner v. Republic Van & Storage Co.*, 556 F.2d 766, 771 (5th Cir.1977). Rule 56(e) of the Federal Rules of Civil Procedure provides that "[w]hen a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him." In this respect, the burden on the non-moving party is not especially heavy; however, he must show specific facts that present a genuine issue of material fact worthy of trial rather than showing mere general allegations. *See Gossett v. Du-Ra-Kel Corp.*, 569 F.2d 869, 872 (5th Cir.1978).

## III. DISCUSSION

■ The general rule is that gross income includes *"all* income from whatever source derived." 26 U.S.C. § 61(a).[1]

All realized accessions to wealth are presumed to be taxable income, unless the taxpayer can demonstrate that an acquisition is specifically exempted from taxation.

---

1. All statutory cites are to the Internal Revenue Code and will be referred to hereafter only by

Section number.

*Roemer v. Commissioner of Internal Revenue,* 716 F.2d 693, 696 (9th Cir.1983).

However, Section 104(a)(2) excludes from income damages received, whether by suit or agreement, on account of personal injuries or sickness. Section 1.104–1(c) of the Treasury Regulations (26 C.F.R. § 1.104–1(c)) defines "damages received" as "an amount received (other than workmen's compensation) through prosecution of a legal suit or action based upon tort or *tort type* rights, or through a settlement agreement entered into in lieu of such prosecution" (emphasis added).

The determination of whether a claim is for personal injuries is an issue of federal law and does not necessarily depend upon a state's characterization of a particular cause of action. *Byrne v. Commissioner of Internal Revenue,* 883 F.2d 211, 216 (3rd Cir.1989).

Tort or tort type rights include both physical and nonphysical injuries. There is no distinction between physical, mental or emotional injuries. *Seay v. Commissioner of Internal Revenue,* 58 T.C. 32, 37 (1972). Additionally, personal injuries can include damage to business reputation. *Threlkeld v. Commissioner of Internal Revenue,* 848 F.2d 81 (6th Cir.1988); *Roemer v. Commissioner of Internal Revenue,* 716 F.2d 693 (9th Cir.1983), *rev'g.* 79 T.C. 398 (1982); *Miller v. Commissioner of Internal Revenue,* 93 T.C. 330 (1989). The Government asserts in the present case, however, that only an individual can suffer a "personal" injury and that a corporation may not exclude amounts received as a result of damage to its business reputation.

This appears to be an issue of first impression, with no clear statutory or case authority. The parties have identified only one case that remotely addresses this issue—*O.S.C. Corporation,* 43 T.C.M. (P–H) 82–280 (1982). A similar fact situation was presented in the *O.S.C.* case, in which a corporation settled a lawsuit and claimed that the proceeds were for damage to its reputation and should be excluded from calculation of its income. The Tax Court disallowed the corporation's claim on the basis that the corporation had never actually claimed damages for injury to reputation in the underlying lawsuit, but had merely inserted that language in the settlement agreement in order to obtain favorable tax treatment. However, the Tax Court never specifically addressed the question of whether a corporation could suffer a "personal" injury for damage to its reputation.

Boyett further relies on another Tax Court case, *Castner Garage, Ltd. v. Commissioner of Internal Revenue,* 43 BTA 1 (Dec. 4, 1940). In the *Castner* case, the Board of Tax Appeals ruled that a similar revenue provision allowed corporations to exempt insurance payments received for personal injuries from their gross income. However, the *Castner* case still involved personal injuries that were suffered by an *individual,* not a direct injury to a corporation. The opinion dealt with situations in which insurance or other proceeds, that are paid because of a personal injury or sickness, are received by someone other than the individual actually suffering the injury or sickness. Examples used include situations such as when one member of a family receives compensation for the personal injuries or sickness of another member of the family, or when the proceeds of a life or health insurance policy pass to the individual's estate or to a designated beneficiary, such as the insured's employer. In each case, the ultimate recipient of the proceeds, whether an individual or corporation, would be entitled to exclude the proceeds from calculation as income. The *Castner* court did not, however, intimate that a corporation could itself suffer a personal injury or sickness and thereby take advantage of the § 104(a)(2) exclusion.

Revenue Ruling 66–262 is consistent with the *Castner* opinion, and provides:

> Section 104(a)(3) of the Code provides that amounts received through accident or health insurance for personal injuries or sickness, with exceptions not here material, are not includable in gross income. This section applies to employer corporations as well as to individual employees.

However, the Ruling also fails to mention a situation involving a direct injury to a corporation.

It is axiomatic that a corporation cannot suffer a "sickness". But, the question remains, can a corporation suffer a "personal injury?" Language from some of the cases dealing with the distinction between damage to an individual's "personal" and "professional" reputation seems to indicate that such a distinction does not apply to a corporation.

> Although a corporation may sue for certain types of defamation, a corporation by its very nature cannot suffer a personal injury. A corporation is a business entity and not a human being; thus, a corporation can only be protected against false statements affecting its trade or business.

*Roemer v. Commissioner of Internal Revenue,* 716 F.2d 693, 699 n. 4 (9th Cir.1983). This language was repeated in a subsequent Tax Court case.

> Although a corporation is treated as a "person" for many purposes, it is, nonetheless, a business entity and not a human being. We do not suggest that a corporation could avail itself of the exclusion granted by I.R.C. § 104(a)(2).

*Threlkeld v. Commissioner of Internal Revenue,* 87 T.C. 1294, 1308 n. 7 (1986), *aff'd.* 848 F.2d 81 (6th Cir.1988).

Additionally, the language of the statute itself persuades the Court that the phrase "personal injury" does not apply to a corporation. The types of income referred to in § 104, aside from subparagraph 2, are available only for an injury suffered by an individual, such as workmen's compensation, accident or health insurance, pensions or annuities, and disability income.

Even if the Court were to determine that Boyett's injury did fall within the exclusion of § 104, Boyett has presented nothing to the Court to indicate that the settlement amount received was actually payment for a "tort type" injury. Boyett's fourth amended complaint indicates that the loss of business reputation is a claim for damages arising out of the breach of contract claim, rather than as an element of damages for fraud or misrepresentation.

Additionally, Boyett has presented no credible evidence to the Court that would indicate that 90% of the settlement amount is attributable to its claims for loss of business reputation. The settlement agreement does not specify what the payment represents, other than as to attorney's fees. Deposition of James P. Wallace, Jr., p. 26, 1. 3—p. 27, 1. 1. In the absence of such express language, the intent of the payor becomes paramount. *Byrne v. Commissioner of Internal Revenue,* 90 T.C. 1000, 1007 (1988). Neither party has presented anything to indicate what motivated Richheimer to settle the suit with Boyett.

Boyett presents the deposition of David Finley to support its contention that 90% of the settlement was for lost business reputation. However, Finley did not review the settlement agreement, was not present during settlement negotiations, and did not review the petition itself. Deposition of David Rex Finley, p. 11, 1. 13—p. 12, 1. 6. Therefore, the Court does not find this testimony relevant to the issue of damages.

In light of the foregoing, it is

ORDERED that the Defendant's Motion for Summary Judgment is GRANTED in its entirety.