106 T.C. No. 26

UNITED STATES TAX COURT

P & X MARKETS, INC., Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 15836-95.                Filed June 13, 1996.

P, a corporation, filed a lawsuit against various
defendants alleging breach of contract, malicious
prosecution, intentional interference with business
relationship, fraud, and violation of fiduciary and
statutory duties.  P received $850,000 to settle the
suit, and it paid $198,367 in legal fees in connection
therewith.  On its Federal income tax return, P
included $83,608 of the settlement proceeds in its
gross income.  P relied on sec. 104(a)(2), I.R.C., to
exclude the remaining proceeds (net of the legal fees)
from its gross income.  R determined that P's gross
income includes the total proceeds, less the legal
fees.  Held:  None of the proceeds are excludable from
P's gross income under sec. 104(a)(2), I.R.C., because
the settlement proceeds were not received on account of
a personal injury.

Marvin B. Starr, for petitioner.

Margaret A. Martin, for respondent.

OPINION

LARO, Judge: The case is before the Court on respondent's motion for summary judgment.[1] Respondent moves for summary adjudication in her favor, arguing that proceeds received by petitioner in settlement of a lawsuit are not within section 104(a)(2) for lack of a personal injury. Respondent supports her motion with the pleadings and the following exhibits: (1) Petitioner's 1989 Form 1120, U.S. Corporation Income Tax Return; (2) petitioner's "FIRST AMENDED COMPLAINT FOR DAMAGES" (the Complaint), which was filed in the Superior Court of the State of California mainly against three individuals, three corporations, a California limited partnership, and 50 Does (the Defendants); (3) the settlement agreement (the Agreement) that resolved the litigation surrounding the Complaint; and (4) the subject notice of deficiency. Petitioner objects to respondent's motion, alleging that the settlement proceeds would have been within section 104(a)(2) if its president/sole shareholder, John Magaddino, had operated its business as a sole

---

[1] Petitioner petitioned the Court to redetermine respondent's determination of an $85,528 deficiency in its taxable year ended Sept. 30, 1990.

proprietorship. Petitioner argues that it qualifies under section 104(a)(2) because it is a "small, individually-owned 'family business' that has been incorporated for liability, insurance and perhaps tax purposes". Petitioner's objection is supported by the affidavit of Mr. Magaddino.

We hold for respondent. Unless otherwise stated, section references are to the Internal Revenue Code in effect for the year in issue. Rule references are to the Tax Court Rules of Practice and Procedure. Dollar amounts are rounded to the nearest dollar.

## Background[2]

Petitioner is a corporation that was incorporated on August 2, 1947. It owns and operates a retail grocery store in San Leandro, California. When it petitioned the Court, its principal place of business was in Danville, California.

On December 18, 1989, petitioner filed a lawsuit in the Superior Court of the State of California against the Defendants. The Complaint set forth six causes of action. The first cause alleged that some of the Defendants had breached their lease with petitioner by overcharging it $101,041. The Complaint prayed for return of this overcharge, as well as statutory attorney's fees

---

[2] The "facts" presented in this Opinion are stated solely for purposes of deciding the motion and are not findings of fact for this case. Fed. R. Civ. P. 52(a); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994).

with respect thereto. The second and third causes alleged that some of the Defendants had maliciously prosecuted two lawsuits against petitioner for unlawful detainer. The Complaint prayed for special damages totaling $17,864, general damages for injury to reputation in amounts to be proven at trial, and punitive damages. The fourth cause alleged that some of the Defendants had intentionally interfered with the business relationship of petitioner and its customers. The Complaint prayed for lost profits in an amount to be proven at trial, but not to exceed $2.8 million, and punitive damages. The fifth cause alleged that some of the Defendants had made fraudulent representations to petitioner with respect to certain payments. The Complaint prayed for accounting fees and punitive damages. The sixth cause alleged that some of the Defendants had violated fiduciary and statutory duties owed to petitioner with respect to the lease. The Complaint prayed for petitioner's out-of-pocket losses, as well as punitive damages. The Complaint also prayed for prejudgment interest and costs with respect to all six causes of action.

The Defendants denied all material allegations in the Complaint. Some of the Defendants filed a cross-complaint for unspecified amounts allegedly due under the lease.

On or about June 28, 1990, petitioner and the Defendants settled the lawsuit through the Agreement. The Agreement stated that petitioner would receive $850,000. The Agreement did not

specify what the $850,000 payment was meant to compensate. Petitioner paid legal fees of $198,367 in connection with the lawsuit.

Petitioner reported on its 1989 Form 1120 that only $83,608 of the $850,000 was taxable, and it deducted $19,494 of the legal fees. Respondent determined that petitioner's gross income included the net proceeds of $651,633; i.e., $850,000 total proceeds minus $198,367 of legal fees.

## Discussion

Summary adjudication is intended to expedite litigation and avoid unnecessary and expensive trials of phantom factual issues. A decision on the merits of a taxpayer's claim can be made by way of summary adjudication "if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law." Rule 121(b). Because summary adjudication decides against a party before trial, we grant such a remedy cautiously and sparingly, and only after carefully ascertaining that the moving party has met all the requirements for summary adjudication. Associated Press v. United States, 326 U.S. 1, 6 (1945); Boyd Gaming Corp. v. Commissioner, 106 T.C. ___ (1996).

This case is ripe for summary adjudication. The parties agree on all material facts. The parties' sole disagreement is

whether petitioner received the settlement proceeds on account of a personal injury.  Section 104(a)(2) and the regulations thereunder exclude settlement proceeds from a taxpayer's gross income when:  (1) The underlying cause of action giving rise to the recovery of these funds is based upon tort or tort type rights and (2) the funds are received on account of personal injuries or sickness.[3]  When a taxpayer fails either of these tests, the settlement proceeds are not excludable under section 104(a)(2).  Sec. 104(a)(2); sec. 1.104-1(c), Income Tax Regs.; see also Commissioner v. Schleier, 515 U.S. ___, 115 S. Ct. 2159, 2163 (1995); United States v. Burke, 504 U.S. 229, 233 (1992); Banks v. United States, 81 F.3d 874 (9th Cir. 1996).

Respondent argues that petitioner, because it is a corporation, did not suffer a personal injury for purposes of section 104.  Petitioner argues that it did receive the proceeds on account of a personal injury, given the fact that it had only one shareholder.  Petitioner argues that the consequences of the Defendants' "wrongful conduct" fell entirely upon Mr. Magaddino, because he was its sole shareholder and it was conducting his business.  Petitioner argues that it should not be denied the benefit of section 104(a)(2) merely because Mr. Magaddino chose to conduct his business as a corporation.

---

[3] Sec. 104(a)(2) generally provides that gross income does not include "the amount of any damages received (whether by suit or agreement * * *) on account of personal injuries or sickness".

We agree with respondent.  Respondent's position is supported by statements of this Court and the Court of Appeals for the Ninth Circuit, although the issue was not squarely before either Court.  The Court of Appeals stated in Roemer v. Commissioner, 716 F.2d 693, 699 n.4 (9th Cir. 1983), revg. 79 T.C. 398 (1982), that "a corporation by its very nature cannot suffer a personal injury.  A corporation is a business entity and not a human being".  This Court later stated in a Court-reviewed opinion that "Exclusion under section 104 will be appropriate if compensatory damages are received on account of any invasion of the rights that an individual is granted by virtue of being a person in the sight of the law."  Threlkeld v. Commissioner, 87 T.C. 1294, 1308 (1986), affd. 848 F.2d 81 (6th Cir. 1988).  We noted, referring to the Court of Appeals statement above, that "Although a corporation is treated as a 'person' for many purposes, it is, nonetheless, a business entity and not a human being.  We do not suggest that a corporation could avail itself of the exclusion granted by sec. 104(a)(2)."  Id. at 1308 n.7.

This issue was squarely presented in Boyette Coffee Co. v. United States, 775 F. Supp. 1001 (W.D. Tex. 1991), where the court held that the taxpayer/corporation did not suffer a personal injury as a matter of law.  The language of section 104, when read as a whole, helped to persuade the court in that case that the term "personal injury" as used in section 104(a)(2) does not apply to a corporation.  We likewise hold that petitioner did

not suffer a personal injury for purposes of section 104(a)(2).
We decline petitioner's invitation to find a personal injury in
this case because it had only one shareholder.  In opting to
incorporate, petitioner assumed both the benefits and burdens of
the corporate form, and the Court will not ignore that form under
the facts herein.[4]  <u>Moline Properties, Inc. v. Commissioner</u>,
319 U.S. 436 (1943).

We have considered all arguments made by petitioner for a
contrary holding and, to the extent not discussed above, have
found them to be without merit.  To reflect the foregoing,

<u>An appropriate order</u>

<u>and decision will be entered</u>.

---

[4] We are mindful of <u>Castner Garage, Ltd. v. Commissioner</u>,
43 B.T.A. 1 (1940), in which the Board ruled that a similar
revenue provision allowed the corporate taxpayers to exclude from
their gross income insurance payments which were received on
account of the sickness of an individual, who was their president
and majority shareholder.  We distinguish the <u>Castner</u> case from
the one at hand.  The payments in the <u>Castner</u> case were received
by corporations on account of sickness suffered by an individual.