T.C. Memo. 1997-9

UNITED STATES TAX COURT

GARY A. SIMKO, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 5120-95.                    Filed January 6, 1997.

Gary A. Simko, pro se.

Donald K. Rogers, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

PANUTHOS, Chief Special Trial Judge:  This case was heard
pursuant to the provisions of section 7443A(b)(3) and Rules 180,
181, and 182.[1]  Respondent determined a deficiency in

_____

[1]  All section references are to the Internal Revenue Code
as amended, unless otherwise indicated.  All Rule references are
to the Tax Court Rules of Practice and Procedure.

petitioner's 1990 Federal income tax in the amount of $4,388 and an accuracy-related penalty under section 6662 in the amount of $878. After concessions,[2] the only issue for decision is whether amounts received by petitioner in settlement of a lawsuit are excludable from income under section 104(a)(2).

### FINDINGS OF FACT

Some of the facts have been stipulated, and they are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. At the time of filing the petition, petitioner resided at Eaton, Ohio.

On June 9, 1989, petitioner commenced legal action against his former employer, United Cable TV of Oakland, Inc. (United), for damages related to the termination of his employment with United on July 7, 1986. Petitioner's complaint asserted claims of breach of contract, negligence, and intentional infliction of emotional distress. Petitioner's complaint further alleged that, as a result of United's conduct, petitioner suffered loss of employment and employability, loss of past and future earnings, emotional pain and suffering, mental anguish, and defamation of character.

---

[2] Respondent concedes that: (1) Petitioner is not liable for the accuracy-related penalty under sec. 6662 and (2) if it is determined that the amounts in question constitute taxable income to petitioner, "petitioner is entitled to an itemized deduction in the amount by which petitioner's total legal fees and costs of $7,469.20 exceed 2 percent of petitioner's adjusted gross income".

Petitioner and United agreed to a nonbinding mediation proceeding, held on February 1, 1990.  Prior to the mediation proceeding, petitioner submitted a mediation summary which stated in part:

> [Petitioner] was employed by [United] on a full time permanent basis starting in May 1985. * * *  The Personnel Policy Handbook which is relevant to this case contains several important passages which confirm that [petitioner's] employment required good cause for discharge * * *.
>
> Nevertheless, [United] has contested in this litigation the nature of employment, claiming that [petitioner] was an at-will employee and could be fired without just cause.
>
> * * * After being hired * * * [petitioner's] employment continued without incident, and with good performance in the ensuing months. * * *
>
> In November of 1985, * * * despite assurances of continued job security, a great number of people began losing their jobs.  In each case, [United] * * * had put together stated reasons or allegations supposedly justifying the terminations. * * *
>
> [United's] alleged reason for terminating [petitioner], although [United] claims not to have needed a reason, was that [petitioner] was guilty of misconduct.  [United] alleges that on July 1, 1986, [petitioner] got into the wrong truck to go out to do field work. * * *
>
> *       *       *       *       *       *       *
>
> Analysis of the losses suffered by [petitioner] is being performed currently by an expert, * * * Mr. Charles Monroe, and it is expected that he may have a verbal informal and unofficial calculation by the time of Mediation, concerning the projected losses of [petitioner] in terms of benefits, back pay and front pay. * * *

The mediation summary does not address the tort type claims raised by petitioner in his complaint, and does not discuss any personal injury suffered by petitioner. The mediation panel, upon evaluation of each party's respective position, decided that United should pay petitioner $20,000 in damages. On March 15, 1990, petitioner and United agreed to accept the mediation panel's evaluation, and entered a stipulation and order for dismissal. Petitioner signed a settlement statement on April 6, 1990, acknowledging his receipt of the settlement proceeds (less attorney's fees and expenses). The statement of settlement does not identify or place a value on the specified claims of petitioner.

## OPINION

As a general rule, the Commissioner's determinations are presumed correct, and the taxpayer bears the burden of proving that those determinations are erroneous. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Except as otherwise provided, gross income includes income from all sources. Sec. 61(a); Commissioner v. Glenshaw Glass Co., 348 U.S. 426 (1955). In this regard, statutory exclusions from income must be narrowly construed. Commissioner v. Schleier, 515 U.S. __, __, 115 S. Ct. 2159, 2163 (1995).

Section 104(a)(2) excludes from gross income "the amount of any damages received (whether by suit or agreement * * *) on account of personal injuries or sickness". This exclusion is

warranted when: (1) The underlying cause of action giving rise to the recovery of the funds in question is based upon tort or tort-type rights and (2) the funds are received on account of personal injury or sickness. O'Gilvie v. United States, 519 U.S. ___, 117 S. Ct. 452 (1996); Commissioner v. Schleier, 515 U.S. at ____, 115 S. Ct. at 2163; P & X Mkts., Inc. v. Commissioner, 106 T.C. 441, 443-444 (1996); sec. 104(a)(2); sec. 1.104-1(c), Income Tax Regs. Where damages are received pursuant to a settlement agreement, the nature of the claim that constitutes the actual basis for settlement controls whether such damages are excludable under section 104(a)(2). United States v. Burke, 504 U.S. 229, 237 (1992); Foster v. Commissioner, T.C. Memo. 1996-276. "[T]he critical question is, in lieu of what was the settlement amount paid?" Bagley v. Commissioner, 105 T.C. 396, 406 (1995). In determining the answer to this question, the most important factor is the intent of the payor. Robinson v. Commissioner, 102 T.C. 116, 127 (1994), affd. in part and revd. in part 70 F.3d 34 (5th Cir. 1995).

While the parties' settlement agreement does not in any manner allocate the proceeds to any particular claim raised by petitioner, the settlement reflects the parties' willingness to accede to the conclusions of the mediation panel. Therefore, we find that the mediation panel's evaluation served as the basis of the settlement. Petitioner's mediation summary, furnished to the panel prior to the mediation hearing, asserted claims that United

breached an employment agreement by terminating petitioner. The mediation summary, however, did not discuss any of the tort-related claims contained in petitioner's original complaint. Moreover, the mediation summary's proposal of damage amounts appears to be based upon petitioner's lost earnings, rather than upon any specific personal injury sustained by petitioner. The mediation panel's evaluation, as well as the settlement in question, were based upon the claim that United had breached an employment contract in terminating petitioner, resulting in economic damages from loss of benefits and wages. Therefore, petitioner has failed to meet his burden of proving that the settlement was based upon tort or tort-type claims. Furthermore, petitioner has failed to meet his burden of proving that the settlement proceeds were paid on account of personal injuries. Accordingly, we sustain respondent's determination.

To reflect the foregoing,

Decision will be entered under Rule 155.