**William Q. WOLFSON and Elizabeth Wolfson, Petitioners-Appellants, Cross Appellees,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee, Cross-Appellant.**

**Nos. 80–1043, 80–1044.**

United States Court of Appeals, Sixth Circuit.

June 24, 1981.

Alan Adelson, Southfield, Mich., for petitioners-appellants, cross-appellees.

M. Carr Ferguson, Asst. Atty. Gen., Gilbert E. Andrews, Daniel F. Ross, George L. Hastings, Jr., Tax Division, U. S. Dept. of Justice, N. Jerold Cohen, Chief Counsel, I. R. S., Washington, D. C., for respondent-appellee, cross-appellant.

Before JONES, Circuit Judge, CECIL, Senior Circuit Judge, and BERTELSMAN, District Judge.*

## ORDER

William Q. Wolfson appeals from the Tax Court's determination that the payment he received in settlement of his state court action against Wayne State University is includable in gross income because it was intended to compensate him for lost earnings, and was not a nontaxable form of compensation for personal injury to his personal reputation. Wolfson also contests the Tax Court's determination that funds he received while working as a medical resident were gross income paid in return for services he rendered, instead of nontaxable fellowship grants.

In 1943, Wolfson received his medical degree from a medical school which was not fully accredited in all states. He wished to do medical research, and therefore sought to obtain a degree from a "Class A" medical school which was accredited in all states. In 1953, Wayne University Medical College offered Wolfson a chance to earn a medical degree (Class A) and at the same time to

* Honorable William O. Bertelsman, United States District Court for the Eastern District of Kentucky, sitting by designation.

act as a member of Wayne State's volunteer faculty. While he served on the faculty he would be enrolled as a medical student. Wolfson took advantage of the opportunity and went to Wayne State.

In 1954, Wolfson was called into active duty as an officer in the Army Reserves. There was a great deal of publicity about his attempts to obtain a deferment, and one of the members of Wayne State's faculty accused Wolfson of exploiting the plight of his patients in order to obtain a deferment.

After Wolfson was inducted into the Army, the faculty and administration at Wayne State denied Wolfson's status as a faculty member while he attended Wayne State. When they responded to inquiries about Wolfson's status while he attended Wayne State they stated that he had not been a faculty member, but merely a student. Wolfson was also unsuccessful in his attempts to have Wayne State's records changed to reflect his true status.

In 1960, Wolfson filed an action against Wayne State and members of Wayne State's administration and faculty. He sought to have Wayne State affirm his true status and he sought damages. The state court entered a judgment for Wolfson which awarded him $175,000.

Wolfson filed an appeal, but before it was heard he settled the case. Wayne State agreed to pay Wolfson $105,000 and correct its records to reflect his status as a research associate.

In 1969 and 1970, Wolfson studied to be a psychiatrist and was a resident at Northville State Hospital. Residents already had an M.D. degree and one year of internship. The residency program lasted three years. Wolfson received grants which totalled $13,500 in 1969, and $16,996 in 1970.

In 1974, the CIR assessed tax deficiencies against Wolfson for 1968, 1969, and 1970. He alleged that the $105,000 received in settlement was taxable income and that the amounts Northville paid Wolfson as grants in 1969 and 1970 were taxable as income. The Tax Court found that Wolfson was liable for the deficiencies. It rejected Wolf-

son's contentions that the $105,000 was received for injury to his personal reputation and therefore excluded from gross income under § 104(b) of the Code as a recovery for a personal injury. The Tax Court also found that the payments received from Northville were a *quid pro quo* for medical services and not an educational fellowship which is excluded from income under § 117 of the Tax Code.

■■■ In this appeal, Wolfson contends that the Tax Court's findings are clearly erroneous. We disagree. The complaint Wolfson filed in his state court action requested damages for lost earnings and injury to professional reputation, and the state court's decision indicates its award of damages was based on Wolfson's lost earnings. There was ample evidence to support that aspect of the Tax Court's determination. There is no merit to Wolfson's contention that the Tax Court erred in concluding that the money paid to Wolfson in 1969 and 1970 should be included in his income and not excluded under § 117 of the Tax Code.

■■■ It is necessary to remand this case to the Tax Court for a determination of the amount Wolfson is entitled to deduct from income for expenses incurred in prosecuting his action in state court and in negotiating his settlement with Wayne State University.

The judgment of the Tax Court is AFFIRMED and the case is REMANDED for a determination of the amount Wolfson is entitled to deduct for his expenses in his state court action.