James E. THRELKELD,
Petitioner–Appellee,

v.

COMMISSIONER OF INTERNAL REV-
ENUE, Respondent–Appellant.

Nos. 87–1511, 87–1592.

United States Court of Appeals,
Sixth Circuit.

Argued April 25, 1988.

Decided June 1, 1988.

Gary R. Allen and Michael Paup, Chief Appellate Section, Tax Div. Dept. of Justice, Bruce R. Ellisen (argued), Michael C. Durney, Ann Durney, William F. Nelson, Chief Counsel, I.R.S., Washington, D.C., for respondent-appellant.

G. Keith Rogers, Jr. (argued), James E. Threlkeld, Threlkeld, Howard, McPherson & Rogers and Walt, Dyer & James, Memphis, Tenn., for petitioner-appellee.

Before MERRITT and KENNEDY, Circuit Judges, and CONTIE, Senior Circuit Judge.

CONTIE, Senior Circuit Judge.

The Commissioner of Internal Revenue (Commissioner) appeals from the February 25, 1987 and March 20, 1987 decisions of the United States Tax Court. For the following reasons, we affirm the Tax Court's judgments.

I.

On May 10, 1979, taxpayer James Threlkeld filed a diversity action against J.B. Williams in the United States District Court for the Western District of Tennessee, alleging malicious prosecution. Williams had contracted to purchase some real estate from taxpayer and another, and then initiated and subsequently lost chancery court proceedings in an attempt to rescind the contract.

In his complaint, Threlkeld alleged that Williams "instituted, continued, and prosecuted his claims" in the chancery suit "without probable cause and with malice." Taxpayer also alleged that Williams' actions in bringing the chancery court suit caused various injuries described as follows:

> Plaintiff was subjected to indignity, humiliation, inconvenience, and pain and distress of mind, was prevented from attending to his usual professional pursuits, incurred expenses and costs in defending defendant's claims in and pertaining to the chancery suit, suffered injury to his professional reputation, and suffered injury to his credit reputation.

Additionally, taxpayer filed two other suits against Williams and others which alleged that certain fraudulent conveyances of property were made in an effort to insulate those properties from taxpayer's original chancery court judgment.

On December 8, 1980, Threlkeld settled his malicious prosecution suit. Taxpayer agreed to release all other pending claims and to assign the original chancery court judgment. In consideration of settlement of his claims, taxpayer received $300,000 allocated as follows:

*$75,000*

For the release of taxpayer's claims against J.B. Williams asserted in the malicious prosecution action for damage to his professional reputation.

*$75,000*

For the release of taxpayer's claims against J.B. Williams asserted in the malicious prosecution action for damage to his credit reputation.

*$74,980*

For the release of taxpayer's claims against J.B. Williams asserted in the malicious prosecution action for indignity, humiliation, inconvenience, and pain and distress of mind.

*$20*

For the release of taxpayer's claims against J.B. Williams and others asserted in the fraudulent conveyance actions.

*$75,000*

For the assignment of the judgment by taxpayer.

Threlkeld received $86,000 of the total settlement in 1980 and $214,000 in 1981. $21,500 of the amount received in 1980 and $53,500 of the amount received in 1981 represented settlement for damages to taxpayer's professional reputation.

Threlkeld excluded most of the settlement from gross income on his 1980 tax return. The Commissioner assessed a deficiency, and taxpayer petitioned the Tax Court seeking a redetermination of the deficiency. The Commissioner subsequently conceded that all of the amount at issue except the $21,500 attributable to damages for injury to taxpayer's professional reputation was excludable under I.R.C. § 104(a)(2) which excludes from gross income "the amount of any damages received (whether by suit or agreement and whether

as lump sums or as periodic payments) on account of personal injuries or sickness." Therefore, the only issue before the Tax Court was whether the $21,500 attributable to damages for injury to taxpayer's professional reputation was likewise excludable.

Threlkeld followed the same procedure when filing his 1981 tax return. Again, the Commissioner assessed a deficiency, and taxpayer petitioned the Tax Court seeking a redetermination of the deficiency. The parties agreed to be bound by the Tax Court's decision regarding taxpayer's 1980 tax return.

On December 8, 1986, the Tax Court with one judge dissenting filed an opinion which held that there is no valid distinction between damages received for injury to personal reputation and those received for injury to professional or business reputation for the purposes of section 104(a)(2). The Tax Court further held that damages received in settlement of a claim for malicious prosecution of a civil proceeding under Tennessee law are damages received on account of personal injuries.

Thereafter, on February 25, 1987, the Tax Court filed a decision which stated that pursuant to its opinion filed on December 8, 1986, there was a deficiency in income tax due from taxpayer for the 1980 taxable year in the amount of $2,032.39.[1] Subsequently, on March 20, 1987, the Tax Court filed a decision which stated that pursuant to its opinion filed on December 8, 1986, there was no deficiency in income tax due from taxpayer for the 1981 taxable year.

The Commissioner filed timely appeals from each of these decisions, and the cases were consolidated by this court. We must decide whether the Tax Court erred in holding that that portion of a settlement which was allocated to injury to taxpayer's professional reputation constitutes damages received on account of personal injuries, and is, therefore, excludable from gross income under section 104(a)(2).

---

**1.** It is unclear how the Tax Court arrived at this deficiency since the Tax Court opinion is in favor of the taxpayer.

## II.

This case involves an appeal from decisions of the United States Tax Court. The United States Courts of Appeals have exclusive jurisdiction to review the decisions of the Tax Court, except as provided in 28 U.S.C. § 1254, in the same manner and to the same extent as decisions of the district courts in civil actions tried without a jury. I.R.C. § 7482(a). Whether the Tax Court properly refused to draw a distinction between personal reputation and professional reputation for the purposes of I.R.C. § 104(a)(2) is a question of law subject to *de novo* review. *Roemer v. Commissioner,* 716 F.2d 693, 696 (9th Cir.1983).

The Internal Revenue Code of 1954 is applicable to the instant case. Section 61(a) states that except as otherwise provided, gross income means all income from whatever source derived. I.R.C. § 61. Section 104(a)(2) provides an exception from gross income for "the amount of any damages received (whether by suit or agreement and whether as lump sums or as periodic payments) on account of personal injuries or sickness." The regulations specify that "[t]he term 'damages received (whether by suit or agreement)' means an amount received (other than workmen's compensation) through prosecution of a legal suit or action based upon a tort or tort type rights, or through a settlement agreement entered into in lieu of such prosecution." 26 C.F.R. § 1.104–1(c).

In reaching its holding that there is no valid distinction between damages received for injury to personal reputation and those received for injury to professional or business reputation for purposes of section 104(a)(2), the Tax Court relied primarily on the Ninth Circuit's opinion in *Roemer.* In *Roemer,* the dispositive issue on appeal was whether the defamation of an individual constituted a personal injury for the purposes of section 104(a)(2). *Roemer,* 716 F.2d at 694. Since the defamation of an individual is a personal injury under California law, the compensatory damages received by Roemer in his defamation suit were excludable from gross income under section 104(a)(2) as would be the compensa-tory damages received on account of any personal injury. *Id.* at 700. The Ninth Circuit allowed the exclusion even though in his complaint for libel Roemer had alleged "that the defendant's defamatory publication was done 'with intent to damage his reputation, and to injure him in his business profession and occupation.'" *Id.* at 695. In reaching this conclusion, the court noted that the nonpersonal consequences of a personal injury, such as a loss of future income, are often the most persuasive means of proving the extent of the injury that was suffered, and that the personal nature of an injury should not be defined by its effect. *Id.* at 699.

The Third Circuit has recently adopted the reasoning in *Roemer* in *Bent v. Commissioner,* 835 F.2d 67 (3d Cir.1987). In *Bent,* a former school teacher had sued his board of education following his discharge. The question was whether the amount received by Bent in settlement of his state law claim for damages for violation of his first amendment right of free speech constituted taxable income. *Id.* at 69. Relying on the Ninth Circuit's opinion in *Roemer,* the Third Circuit held that the Tax Court did not err in deciding that the whole of the damages received by the taxpayer was compensation for personal injuries and, as such, was excludable from gross income. *Id.* at 70. *See also Metzger v. Commissioner,* 845 F.2d 1013 (3d Cir. 1988), *aff'g* 88 T.C. 834 (1987) (affirming without opinion a Tax Court decision which followed the holding in *Bent* and extended it to cover the settlement of claims brought pursuant to 42 U.S.C. §§ 1981, 1982, 1985(3), 1986, 2000e–5, and state discrimination laws).

This court's order in *Wolfson v. Commissioner,* 651 F.2d 1228 (6th Cir.1981) is distinguishable. In *Wolfson,* we affirmed the Tax Court's determination that the payment Wolfson received in settlement of a state court action was includable in gross income because it was intended to compensate him for lost earnings, and was not a nontaxable form of compensation for personal injury to his personal reputation. Wolfson had not argued in the Tax Court

that damages for an injury to professional reputation are excludable from gross income, and that question was expressly left open by the Tax Court. Accordingly, we address this question for the first time today.

We note that in Revenue Ruling 85–143 the Commissioner has announced that it will not follow the Ninth Circuit's decision in *Roemer*. A Revenue Ruling, however, is not entitled to the deference accorded a statute or a Treasury Regulation. *Brook, Inc. v. Commissioner*, 799 F.2d 833, 836 n. 4 (2d Cir.1986). Courts may disregard a Revenue Ruling if it conflicts with the statute it supposedly interprets or with that statute's legislative history or if it is otherwise unreasonable. *Id.* In our opinion, Revenue Ruling 85–143 makes an unreasonable distinction between injury to personal reputation and injury to professional reputation. Therefore, we refuse to follow it.

Instead, we adopt the reasoning of the Third and the Ninth Circuits. Since malicious prosecution is a cause of action which allows recovery for both personal injuries and injuries to property interests, *see* 54 C.J.S. *Malicious Prosecution* § 1 (1948), we must look to the nature of the underlying injury to determine excludability under section 104(a)(2). In the instant case, the Commissioner has conceded that that portion of the taxpayer's settlement which constitutes settlement for damage to his personal reputation is excludable from income under section 104(a)(2). The only issue before this court is whether that portion of the taxpayer's settlement for damages to his professional reputation is likewise excludable.

We agree with the Ninth and the Third Circuits that the nonpersonal consequences of a personal injury, such as a loss of future income are often the most persuasive means of proving the extent of the injury that was suffered, and that the personal nature of an injury should not be defined by its effect. Injury to a person's hand or arm is a personal injury. This is so even though it may affect a person's professional pursuits. All income in compensation of that injury is excludable under section 104(a)(2). Similarly, the injury to taxpayer's reputation in this case was a personal injury. This is so even though it affected his professional pursuits. All income in compensation of that injury is excludable under section 104(a)(2). Accordingly, we AFFIRM the Tax Court's judgments.