T.C. Summary Opinion 2001-73

UNITED STATES TAX COURT

KEVIN WADE HAMBLIN, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 7617-99S.                    Filed May 21, 2001.

Kevin Wade Hamblin, pro se.

<u>Sara J. Barkley</u>, for respondent.


COUVILLION, <u>Special Trial Judge</u>:  This case was heard pursuant to section 7463 in effect when the petition was filed.[1] The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.

Respondent determined a deficiency of $6,137 in petitioner's

_____

[1]    Unless otherwise indicated, section references hereafter are to the Internal Revenue Code in effect for the year at issue.  All Rule references are to the Tax Court Rules of Practice and Procedure.

Federal income tax for 1995.

The issue for decision is whether certain amounts received by petitioner from his former employer during 1995 in connection with the settlement of a class action against his former employer are excludable from gross income under section 104(a)(2).  In his petition, petitioner alleged "my ex-wife filed for the year of 1995 and I do not remember signing a 1040 for that tax season, so I cannot attest to its correctness, nor should I be held accountable if it is incorrect as to her income."  At trial, petitioner filed a trial memorandum in which he stated that his former spouse, Carol L. Fuhr Hamblin (Mrs. Hamblin), falsely reported on their joint return income from a trade or business activity conducted by her in the amount of $5,670, and the reason for reporting such income was solely for the purpose of claiming an earned income credit under section 32.  With respect to the tax on that income, petitioner claims relief from joint liability under section 6015.  Respondent agrees, while not making any concession, that the issue is appropriate but cannot now be considered by the Court for the reason that respondent had no knowledge prior to trial that petitioner intended to claim relief from joint liability, and, accordingly, petitioner's former spouse was not provided notice as required by section 6015(e)(4).

See also <u>King v. Commissioner</u>, 115 T.C. 118 (2000);[2] Interim Rule 325.

Some of the facts were stipulated. Those facts, with the annexed exhibits, are so found and are incorporated herein by reference. At the time the petition was filed, petitioner was a legal resident of Canon City, Colorado.

Petitioner was an employee of PayLess Drug Stores Northwest, Inc. (PayLess), in Colorado from sometime during 1991 until June 23, 1992. He worked in several different positions, including that of floor supervisor, although his assignments varied, ranging from stocking shelves to the supervision of employees. Shortly after his employment began with PayLess, petitioner realized that his employer was overly demanding. He and other employees were required to work from 80 to 100 hours per week, at least 6 and sometimes 7 days per week. He found the work overwhelming and finally realized he could no longer bear the

---

[2] In the notice of deficiency, respondent disallowed the earned income credit of $2,961 claimed on petitioner's joint return for 1995 for the reason that the inclusion of petitioner's class action award in income exceeded the earned income amount as provided in sec. 32(a)(2) and (b). If the Court sustains respondent on the class action income issue, respondent's adjustment disallowing the earned income credit would likewise be sustained; however, the question of whether petitioner is entitled to relief from joint liability under sec. 6015 with respect to the trade or business income attributable to his former spouse would remain. Additional information regarding petitioner's 1995 joint return relative to this issue is provided later in the body of the opinion.

emotional and physical strains of the job.  He left the employment with PayLess in June 1992 and went into real estate.

On March 16, 1993, an action was filed in the U.S. District Court for the District of Idaho against PayLess by four of its former employees for themselves and on behalf of other present and former employees of PayLess.  The complaint alleged that the purpose of the action was to recover on behalf of the class of employees unpaid overtime compensation, liquidated damages, attorney's fees, and costs under section 16(b) of the Fair Labor Standards Act of 1938, ch. 676, 52 Stat. 1069, currently codified at 29 U.S.C. secs. 201-209 (1994).  Petitioner was not one of the plaintiffs instituting the action; however, petitioner qualified for participation as a member of the class of employees for whom the action was filed.  Petitioner never elected to be excluded from the class, nor did petitioner ever claim or institute any separate action against PayLess.  The class action did not proceed to trial but was settled.  PayLess agreed to pay $5 million for the benefit of all qualifying members of the class, including petitioner.  As part of the settlement, the plaintiffs in the class action executed a written Settlement Agreement and Release (the Settlement Agreement) effective January 25, 1995, in consideration for payment of the $5 million by PayLess.  The Settlement Agreement included a release by the plaintiffs of PayLess that was embodied as section 3 and provided in pertinent

part:

> the * * * Plaintiffs * * * hereby release and discharge
> PayLess * * * from all actions, claims, or demands for
> damages, liabilities, costs, or expenses, which the
> Plaintiffs * * * have against PayLess on account of, or in
> any way arising out of the claims that were asserted or that
> could have been asserted in the Lawsuit by the Plaintiffs *
> * * including, but not limited to, claims for personal
> injuries, intentional infliction of emotional distress,
> negligent infliction of emotional distress, and from all
> known claims, whether based on tort, statute or contract,
> which are based in whole or in part, or arise out of, or in
> any way relate to: (1) the Lawsuit; and (2) anything done or
> allegedly done by PayLess arising out of, or in conjunction
> with or relating to, the employment of any and/or all
> Plaintiffs * * * by PayLess.

The Settlement Agreement additionally included section 8,

entitled Liability Denial and Basis For Settlement, which

provided:

> PayLess denies any liability on its part and enters
> into this agreement solely to avoid litigation and to buy
> its peace.  <u>All Settlement Proceeds are paid to Plaintiffs
> on account of personal injuries.</u>  This Settlement Agreement
> and the releases contained herein settle and resolve all
> claims which have to this point been contested and denied by
> the parties, as well as all other claims released by
> paragraphs 3 and 4 of this Settlement Agreement.  None of
> the provisions of this Settlement Agreement and nothing
> contained in this Settlement Agreement shall be construed as
> an admission of any liability whatsoever by any party hereto
> to any other party hereto. [Emphasis added.]

As a member of the class of former employees of PayLess,

petitioner, during 1995, received $40,611.46, from which $14,023

was deducted for attorney's fees and costs, for a net amount of

$26,588.46. The amount recovered included back pay, liquidated damages, an amount for participating as a member of the class, and another amount for testifying in a deposition. The parties did not provide an itemization of these various amounts except that the notice of deficiency listed $24,210 as liquidated damages and $16,401 as wages or back pay.

As part of the settlement, petitioner executed an Individual Certification and Release in favor of PayLess wherein he acknowledged receipt of documents regarding settlement of the class action, acknowledged receiving a copy of the Settlement Agreement that was incorporated by reference as part of his release, expressly affirmed "the authority of the named Plaintiffs to release my claims and settle the Lawsuit", and individually released PayLess in paragraph 8 of the release that provided, in pertinent part:

> In exchange for the payment of the amount * * * [to petitioner] I hereby release and discharge PayLess * * * from all actions, claims, or demands for damages, liabilities, costs, or expenses, which the Plaintiffs, individually or collectively, have against PayLess on account of, or in any way arising out [of] the claims that were asserted or that could have been asserted in the Lawsuit by the Plaintiffs, which Lawsuit is hereby acknowledged as not fully plead, <u>further including, but not limited to, claims for personal injuries, intentional infliction of emotional distress, negligent infliction of emotional distress, and from all known claims, whether based on tort, statute or contract</u>, which are based in whole or in part, or arise out of, or in any way relate to: (1) the Lawsuit; and (2) anything done or allegedly done by PayLess arising out of, or in conjunction with or relating to, the

employment of any and/or all Plaintiffs prior to November 1, 1992 by PayLess. [Emphasis added.]

Petitioner and his then wife, Mrs. Hamblin, filed a joint Federal income tax return for 1995. The amount received by petitioner from PayLess was not included as income on the return. At the time the return was filed in February 1996, petitioner was incarcerated. The return was not signed by petitioner; however, Mrs. Hamblin signed the return on his behalf pursuant to a General Durable Power of Attorney petitioner had previously executed appointing Mrs. Hamblin as his agent with authority to perform such acts on his behalf. The items of income reported on the return are as follows:

| | |
|---|---|
| Wages and salaries | $2,960 |
| Taxable interest income | 75 |
| Schedule C business income | 5,670 |
| Other income: House cleaning | 300 |
| Total | $9,005 |

The earned income reported on the return was attributable solely to Mrs. Hamblin and included Schedule C income from a real estate sales activity conducted by Mrs. Hamblin under the business name of Heritage Realtors. The return also included an Internal Revenue Service form, Schedule EIC, Earned Income Credit, which listed two qualifying children. The amount of the earned income credit claimed was $2,961. Petitioner and Mrs. Hamblin separated in 1995 and were divorced in 1999.

Respondent issued one notice of deficiency to petitioner and Mrs. Hamblin and determined that the $40,611 gross amount received by petitioner from PayLess constituted gross income, and $13,039 of the attorney's fees and costs related to the PayLess award was allowable as an itemized deduction.[3]  Because the standard deduction claimed on the return was less than the allowed itemized deduction, respondent substituted the $13,039 in attorney's fees and costs for the standard deduction claimed on the return.[4]  The $2,961 in earned income credit on the return was also disallowed in full.  See supra note 2.

Petitioner filed a timely petition in this Court.  Mrs. Hamblin did not petition this Court.

Petitioner contends that the amount he received in the settlement represented damages for the physical and mental strain he suffered in the undue hours and days he was required to work for PayLess, which he could no longer endure and resulted in his leaving the employment.  More specifically, when questioned at trial as to what was the personal injury he sustained, petitioner

---

[3]  The allowed amount presumably consists of the $14,023 withheld from petitioner's award less 2 percent of adjusted gross income that is not allowable under sec. 67(a).

[4]  Petitioner has not challenged respondent's inclusion of the $14,023 in attorney's fees in gross income and allowance of that amount as an itemized deduction, reduced by the sec. 67(a) limitation.  See Miller v. Commissioner, T.C. Memo. 2001-55; Benci-Woodward v. Commissioner, 219 F.3d 941 (9th Cir. 2000), affg. T.C. Memo. 1998-395.

answered:

> It was fatigue, stress, headaches, the fact that I was going around like a zombie, the fact that I had -- that I was making bad decisions. There's -- that pretty much covers everything, but it was such a tremendous amount of stress that I was having a hard time dealing with life, and it was manifesting itself.

Petitioner also contends that his physical and emotional injuries were a contributing cause of his subsequent commission of a felony for which he was sentenced to prison.

No action was ever instituted by petitioner against PayLess for the above injuries petitioner described, nor do any of the settlement documents between PayLess and its former employees address any specific injury to any of the former employees who instituted the action, including petitioner as a member of the class.

Section 104(a)(2) provides that gross income does not include "the amount of any damages received (whether by suit or agreement* * *) on account of personal injuries or sickness". Under section 1.104-1(c), Income Tax Regs., "damages" means a recovery "based upon tort or tort type rights". See also Commissioner v. Schleier, 515 U.S. 323 (1995). While personal injuries, under section 104(a)(2), may generally include both physical as well as nonphysical emotional injuries, such as "pain and suffering, emotional distress, harm to reputation, or other

consequential damages (e.g., a ruined credit rating)", the Supreme Court has distinguished such personal injuries from "legal injuries of an economic character" such as those arising out of the unlawful deprivation of the opportunity to earn wages through a wrongful termination.  United States v. Burke, 504 U.S. 229, 239, 245 (1992).  Damages received for lost wages in connection with the settlement of economic rights, such as those arising out of a breach of contract, are not excludable from income under section 104(a)(2).  See Robinson v. Commissioner, 102 T.C. 116, 126 (1994), affd. in part, revd. in part on another issue 70 F.3d 34 (5th Cir. 1995).

Section 1.104-1(c), Income Tax Regs., provides:  "The term 'damages received (whether by suit or agreement)' means an amount received * * * through prosecution of a legal suit or action based upon tort or tort type rights, or through a settlement agreement entered into in lieu of such prosecution."  Thus, in order to exclude damages from gross income pursuant to section 104(a)(2), the taxpayer must prove:  (1) The underlying cause of action is "based upon tort or tort type rights", and (2) the damages were received "on account of personal injuries or sickness".  Commissioner v. Schleier, supra at 336-337.

Where amounts are received pursuant to a settlement agreement, the nature of the claim that was the actual basis for settlement controls whether such amounts are excludable from

gross income under section 104(a)(2). See <u>United States v. Burke</u>, <u>supra</u> at 237. The crucial question is "in lieu of what was the settlement amount paid." <u>Bagley v. Commissioner</u>, 105 T.C. 396, 406 (1995), affd. 121 F.3d 393 (8th Cir. 1997). Determining the nature of the claim is a factual inquiry. See <u>Robinson v. Commissioner</u>, <u>supra</u> at 127.

Here, the complaint in the class action was exclusively for recovery of "overtime compensation, liquidated damages, attorney fees and costs" under the Fair Labor Standards Act of 1938. Nowhere in the complaint or in the Settlement Agreement is there any reference to or any indication that the recovery included damages for physical or mental injuries. Moreover, the record satisfies the Court that petitioner's claim to physical and mental injuries was not called to the attention of PayLess or its attorneys in connection with the class action. Since there was no claim made for such injuries by petitioner, the rhetorical question posed in <u>Bagley v. Commissioner</u>, <u>supra</u>, is that whatever the settlement was for, it certainly was not for personal injuries attributable to the injuries petitioner claims.[5] Moreover, the general language relied on by petitioner in the Settlement Agreement that "all settlement proceeds are paid to plaintiffs on account of personal injuries" is inconsistent with

---

[5] Indeed, some of the injuries petitioner complains of occurred long after his employment with PayLess.

the other provisions of the agreement that quite clearly indicate and establish that the settlement was intended to satisfy the claims made in the class action.  Such language relied on by petitioner in the Settlement Agreement, therefore, can be ignored.  See Peaco v. Commissioner, T.C. Memo. 2000-122.  An express allocation, such as petitioner relies on, may be disregarded if the facts and circumstances surrounding a payment, such as exists in this case, indicate that the payment was intended by the parties to be for a different purpose.  See Bagley v. Commissioner, supra; Robinson v. Commissioner, supra; Threlkeld v. Commissioner, 87 T.C. 1294, 1307 (1986), affd. 848 F.2d 81 (6th Cir. 1988); Burditt v. Commissioner, T.C. Memo. 1999-117.  The Court, therefore, finds that the amounts awarded to petitioner were for back pay and liquidated damages under the Fair Labor Standards Act pursuant to the class action initiated by the former employees of PayLess.  As such, the amount paid to petitioner constituted gross income, and such amount is not excludable under section 104(a)(2).  See Commissioner v. Schleier, supra.  Respondent, therefore, is sustained.

Reviewed and adopted as the report of the Small Tax Case Division.  In order to present petitioner's claim to relief from

joint liability under section 6015 as an issue before this Court, which includes the right of intervention by petitioner's former spouse,

<u>An appropriate order</u>

<u>will be issued.</u>