T.C. Summary Opinion 2021-5

UNITED STATES TAX COURT

TIMOTHY STASSI AND CINDY STASSI, Petitioners <u>v.</u>
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 4179-18S.                    Filed February 8, 2021.

<u>Victor A. Latham</u>, for petitioners.

<u>Daniel C. Chavez</u>, for respondent.

SUMMARY OPINION

KERRIGAN, <u>Judge</u>:  This case was heard pursuant to the provisions of

section 7463 of the Internal Revenue Code (Code) in effect when the petition was

filed.  Pursuant to section 7463(b), the decision to be entered is not reviewable by

any other court, and this opinion shall not be treated as precedent for any other

case.  Unless otherwise indicated, all section references are to the Code in effect

for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a deficiency of $15,981 in petitioners' Federal income tax for 2015. After concessions, the issue for our consideration is whether any part of the $69,650 petitioner wife received in the settlement of a lawsuit against her former employer is excludable from income under section 104(a)(2).

## Background

Some of the facts have been stipulated and are so found. The stipulated facts are incorporated in our findings by this reference. Petitioners resided in California when the petition was timely filed.

Petitioner wife was employed as a Human Resources Assistant at Vident, d.b.a. Vita North America (Vident) from July 1, 2011, until her resignation on January 13, 2015. On February 4, 2014, she was diagnosed with herpes zoster (shingles). Starting May 21, 2014, her immediate supervisor placed her on a 30-day improvement plan. Petitioner wife had symptoms of shingles during her employment with Vident. From May 22, 2014, until her resignation, she was on an unpaid leave of absence.

On May 27, 2014, petitioner wife sent to a member of Vident's Board of Directors a letter complaining about the work environment at Vident. Her letter

described specific problems associated with her work at Vident. The letter did not mention physical injury or sickness. She retained an attorney who on December 12, 2014, sent Vident a document demanding damages for wage and hour violations, constructive termination, and "Emotional Distress and Punitives".

On March 2, 2015, petitioner wife and Vident entered into a settlement agreement, which provided that petitioner wife would receive $80,000. The settlement recitals described petitioner wife's claims as follows: "[Petitioner wife] claims she is owed wages and that she was constructively discharged and retaliated against for making certain complaints, * * * [and that] she has suffered emotional distress with physical manifestations of same." The words "physical manifestations", which had not been part of petitioner wife's initial complaint, were inserted into the settlement agreement during negotiations.

The parties agreed that $10,350 of the settlement proceeds would be designated "consideration for lost wages", and that Vident would issue to petitioner wife a Form W-2, Wage and Tax Statement, with respect to this amount. The parties further agreed that the remaining $69,650 of the settlement proceeds would be designated "consideration for physical manifestations of [petitioner wife's] emotional distress claims", and that Vident would issue to petitioner wife a Form 1099-MISC, Miscellaneous Income, with respect to this amount.

Petitioner wife received two checks from Vident, the first for $10,350 and the second for $69,650. Vident also issued to petitioner wife a Form W-2 reporting $10,350 as "wages, tips, other comp." and a Form 1099-MISC reporting $69,650 as nonemployee compensation. Petitioners timely filed their Form 1040, U.S. Individual Income Tax Return, for 2015. They reported the $10,350 portion of the settlement proceeds as taxable wages and reported $1 of the remaining $69,650 as "Other Income". Petitioners attached to their 2015 tax return a statement written by their tax return preparer explaining the decision to report only $1 of the $69,650 portion of the settlement proceeds, and a letter from petitioner wife's attorney relating to the settlement agreement.

## Discussion

The Commissioner's determinations in a notice of deficiency are generally presumed correct, and the taxpayer bears the burden of proving those determinations are erroneous. Rule 142(a)(1); Welch v. Helvering, 290 U.S. 111, 115 (1933). Petitioners have not claimed or shown that they meet the requirements of section 7491(a) to shift the burden of proof to respondent as to any relevant factual issue.

Section 61(a) provides that gross income includes all income from whatever source derived unless otherwise excluded by the Code. See Commissioner v.

Glenshaw Glass Co., 348 U.S. 426, 429-430 (1955). While section 61(a) broadly applies to any accession to wealth, statutory exclusions from gross income are to be narrowly construed. See Commissioner v. Schleier, 515 U.S. 323, 328 (1995); United States v. Burke, 504 U.S. 229, 233 (1992). Petitioners must bring themselves within the clear scope of any statutory exclusion. See Commissioner v. Schleier, 515 U.S. at 336-337; Burke, 504 U.S. at 233-234.

One exclusion from gross income is found in section 104(a)(2), which provides that gross income does not include "the amount of any damages (other than punitive damages) received (whether by suit or agreement and whether as lump sums or as periodic payments) on account of personal physical injuries or physical sickness." For these purposes, "emotional distress shall not be treated as a physical injury or physical sickness." Sec. 104(a) (flush language). The legislative history for the section states: "It is intended that the term emotional distress includes symptoms (e.g., insomnia, headaches, stomach disorders) which may result from such emotional distress." H.R. Conf. Rept. No. 104-737, at 301 n.56 (1996), 1996-3 C.B. 741, 1041.

Section 1.104-1(c), Income Tax Regs., defines the term "damages" as "an amount received (other than workers' compensation) through prosecution of a legal suit or action, or through a settlement agreement entered into in lieu of

prosecution." The taxpayer is required to prove that the damages were received on account of physical injuries or physical sickness. See Lindsey v. Commissioner, 422 F.3d 684, 688 (8th Cir. 2005), aff'g T.C. Memo. 2004-113. There must be "a direct causal link" between the damages received and the physical injury or sickness sustained. Id.

To justify exclusion from income under section 104(a)(2), the taxpayer must show that his or her settlement proceeds were in lieu of damages for physical injuries or physical sickness. See Green v. Commissioner, 507 F.3d 857, 867 (5th Cir. 2007), aff'g T.C. Memo. 2005-250; Bagley v. Commissioner, 105 T.C. 396, 406 (1995), aff'd, 121 F.3d 393 (8th Cir. 1997). The nature of the claim that was the actual basis for settlement guides our determination of whether such payments are excludable from income. See Burke, 504 U.S. at 237. In evaluating the nature of the underlying claim, a key question to be asked is: "In lieu of what were the damages awarded?" Robinson v. Commissioner, 102 T.C. 116, 126 (1994) (quoting Raytheon Prod. Corp. v. Commissioner, 144 F.2d 110, 113 (1st Cir. 1944), aff'g 1 T.C. 952 (1943)), aff'd in part, rev'd in part, 70 F.3d 34 (5th Cir. 1995).

The determination of the nature of the underlying claim is factual and is made by considering the agreement in the light of all the facts and circumstances,

including the claim's characterization under applicable State law, the evidence marshaled, the arguments made by the parties, and the intent of the payor of the settlement. Threlkeld v. Commissioner, 87 T.C. 1294, 1306 (1986), aff'd, 848 F.2d 81 (6th Cir. 1988). In this case the parties reached a settlement agreement, bringing the settlement payment under the initial definition of "damages". See sec. 1.104-1(c), Income Tax Regs. Respondent contends that petitioners did not satisfy the further requirements of section 104(a)(2) because the settlement payment at issue was not made on account of personal physical injuries or physical sickness. Petitioners contend that the inclusion in the settlement agreement of the words "physical manifestations" establishes that the payments were for physical injury or sickness. The demand for damages that petitioner wife's attorney sent to Vident made no mention of personal physical injuries or physical sickness, referring only to "Wage and Hour", "Constructive Termination", and a multiplier for "Emotional Distress and Punitives".

Petitioners failed to prove a causal link between the claims against Vident and petitioner wife's shingles. See Goode v. Commissioner, T.C. Memo. 2006-48. Petitioners provided evidence that petitioner wife suffered from shingles, but they did not provide evidence that established that the occurrence of her shingles was related to or caused by her employment at Vident. Because petitioner wife did not

file a complaint based on physical injury or sickness and the settlement agreement did not state that the payment was in lieu of damages for physical injury or physical sickness, the $69,650 settlement payment is not excludable pursuant to section 104(a)(2).

We have considered all arguments made by the parties, and to the extent not mentioned or addressed, they are irrelevant or without merit.

To reflect the foregoing,

<u>Decision will be entered for</u>

<u>respondent</u>.